985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
2020C WEST STREET, INCORPORATED, Plaintiff-Appellant,
v.
ANNE ARUNDEL COUNTY OF MARYLAND; Leroy Jonas, Director of
Department of Inspections and Permits; Anne M.
Hatcher, License Administrator,
Department of Inspections and
Permits,
Defendants-
Appellees.
 No. 92-1299.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 27, 1992
Decided: February 9, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior United States District Judge. (CA-91-3504-HM)
 Burton William Sandler, Ocean City, Maryland, for Appellant.
 David Alan Plymyer, Deputy County Attorney, ANNE ARUNDEL COUNTY, MARYLAND OFFICE OF LAW, Annapolis, Maryland, for Appellees.
 Shawn A. Matlock, CRAWLEY & MATLOCK, Baltimore, Maryland, for Appellant.
 Judson P. Garrett, Jr., County Attorney, ANNE ARUNDEL COUNTY, MARYLAND OFFICE OF LAW, Annapolis, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 In this appeal, we review the propriety of the district court's abstention from entertaining an adult bookstore's action asking for a declaration that Anne Arundel County's licensing scheme for "adult film arcades" is unconstitutional. The principal issue is whether a state court action, amended to allege violations of a newly enacted ordinance after the filing of a federal action, constitutes an ongoing state proceeding sufficient to warrant abstention in the federal action under Younger v. Harris, 401 U.S. 37 (1971).
 
 
 2
 * The appellant, 2020C West Street, Inc. ("the bookstore"), has operated since 1983 in Anne Arundel County, Maryland, disseminating adult motion picture films, magazines, books, and videos to the public. The bookstore also offers sixteen private film-viewing machines for its customers' use. Although the county licensing scheme extant in 1983 required a "Class Y" amusement device license for each private film-viewing machine, the bookstore never obtained such licenses.[1] It did, however, obtain a zoning "certificate of use" for an "adult movie arcade and bookstore."[2]
 
 
 3
 An understanding of the application of Younger principles to this case requires a brief review of the parties' preceding actions. Their dispute began in August 1991, when the county attorney notified the bookstore that it was in violation of the county's then-existing licensing scheme and ordered it to cease operation of its unlicensed filmviewing machines. A few days later, the county brought suit in the Circuit Court for Anne Arundel County to enjoin the bookstore's operation of its sixteen film-viewing machines. Two days after the county attorney filed this suit, the county suspended the applicable licensing regulations and placed a four-month moratorium on issuance of Class Y licenses.[3] Thereupon, the bookstore filed suit in the United States District Court for the District of Maryland seeking to enjoin the state court action based on the suspended licensing scheme. The district court dismissed the federal complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the bookstore did not appeal.
 
 
 4
 The bookstore then removed the pending state action to federal court. Although the action was removed, the district court granted the county's motion to remand and returned the case to state court on December 3, 1991. Meanwhile, in November 1991, Anne Arundel County repealed its suspended licensing scheme and enacted a new scheme.[4] The new scheme comprehensively regulated the issuance of licenses to "adult film arcades"[5] and specified numerous standards for an applicant to qualify for a license.
 
 
 5
 Thereafter, the bookstore again filed suit in federal court, this time under 42 U.S.C. § 1983,[6] asking the district court to declare the county's new licensing scheme unconstitutional.[7] A month later, the county amended its state court complaint to reflect the requirements of the new licensing scheme, which was the subject of the bookstore's § 1983 action in federal court.[8] By Memorandum and Order dated February 19, 1992, the district court dismissed the federal suit under the Younger abstention doctrine. The bookstore appeals, and we affirm.
 
 II
 
 6
 A state proceeding must meet three requirements for application of the Younger doctrine: (1) it must implicate an important state interest; (2) it must provide an adequate opportunity to raise constitutional issues; and (3) it must be "ongoing." Middlesex Ethics County Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The first two requirements are here easily met.
 
 
 7
 Anne Arundel County's interest in restraining a violation of its criminal laws,[9] Huffman v. Pursue, Ltd., 420 U.S. 592, 604-05 (1975) (state has an important interest in enforcing civil laws that bear a close relationship to criminal proceedings),[10] and its interest in the integrity of its licensing ordinances, see Sendlewski v. Town of Southhampton, 734 F. Supp. 586, 591 (E.D.N.Y. 1990) (municipality's right "to regulate land use and enforce its regulations through criminal and civil enforcement actions implicates important state interests"), satisfy the "important state interest" requirement for Younger abstention. The state interest is particularly important in regulations governing the "secondary effects" of adult entertainment. See Barnes v. Glen Theatre, Inc., 111 S. Ct. 2456, 2468-69 (1991) (Souter, J., concurring); City of Renton v. Playtime Theaters, Inc., 475 U.S. 41, 50 (1986).
 
 
 8
 The second requirement for Younger abstention-adequate opportunity for consideration of constitutional issues in the state judicial proceedings-is also readily satisfied. The bookstore's constitutional challenges to the Class Y licensing ordinance are essentially the same in the federal § 1983 action and the state action.
 
 III
 
 9
 The third requirement for Younger abstention presents the major issue in this appeal-whether a state court complaint amended after the filing of a federal action qualifies as an "ongoing" state judicial proceeding. The bookstore contends that it does not. It argues that the state court complaint, amended on January 9, 1992 to reflect the county's newly enacted licensing scheme, resulted in a different cause of action and thus could not be considered an "ongoing" state proceeding on December 10, 1991, when the bookstore filed suit in federal court. Assuming but not deciding that the county's January 1992 amendment created a new cause of action for purposes of abstention analysis, we think Supreme Court precedent extends the concept of "ongoing" actions to encompass the circumstances of this case.
 
 
 10
 The determination of whether a proceeding is "ongoing" is normally fact-specific and, as we view the circumstances here, the district court properly concluded that the Maryland action was "ongoing." In Hicks v. Miranda, 422 U.S. 332 (1975), and Doran v. Salem Inn, Inc., 422 U.S. 922 (1975), the Court explained that "ongoing" includes a state proceeding brought after a federal action, so long as "proceedings are begun [in state court] ... after the federal complaint is filed but before any proceedings of substance on the merits have taken place," Hicks, 422 U.S. at 349, or "the federal litigation was in an embryonic stage and no contested matter had been decided," Doran, 422 U.S. at 929. Here, the bookstore had simply filed its § 1983 complaint in federal court. There had been no further activity concerning it before the county amended its state court action. The filing of a complaint, without more, does not qualify as a proceeding of substance on the merits. Hicks, 422 U.S. at 349.
 
 
 11
 The judgment of the district court is therefore affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Article 16, § 2-1109 of the Anne Arundel County Code provides:
 The owner of a private film-viewing machine and the owner and proprietor of the premises where a film-viewing machine is placed or maintained for commercial entertainment or amusement purposes may not place or maintain a machine without a class Y license having been obtained for it or without a metal tag having been placed on it. A person who violates this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $500 or imprisonment not exceeding three months or both.
 
 
 [2]
 The zoning certificate was a separate requirement, which did not satisfy the provisions of the licensing ordinance
 
 
 [3]
 Bill No. 68-91, enacted as an emergency measure on August 7, 1991, along with a county council resolution adopted on July 15, 1991, found the Anne Arundel County Code lacking "standards for the location, operation, or regulation of adult bookstores or film-viewing machines" and resolved that guidelines be enacted. Bill. No. 68-91, 1991 Sess., Anne Arundel County, Md. The resolution requested the County Executive "to establish a task force to study guidelines and standards for zoning and licensing ... of bookstores and film-viewing machines in the county." Res. No. 30-91, 1991 Sess., Anne Arundel County, Md
 
 
 [4]
 Bill No. 98-91 of the County Council of Anne Arundel County, Maryland, enacted on November 21, 1991, was entitled"An Emergency Ordinance concerning: Adult Bookstores, Adult Film Arcades, and Adult Motion Picture Theaters." It was enacted
 [f]or the purpose of establishing requirements for the licensing and regulation of adult film arcades; establishing criteria for zoning restrictions on the location and operation of adult bookstores and adult motion picture theaters, including adult film arcades; and providing for expedited decisions and administrative appeals from decisions relating to adult bookstores, adult film arcades, and adult motion picture theaters.
 
 
 [5]
 Art. 16, § 2-1101(B)(1) of the Anne Arundel County Code defines an "adult film arcade" as
 any place in which one or more display devices are maintained to show images for commercial entertainment or amusement purposes, and where the images are characterized by the depiction or description of sadomasochistic abuse, sexual conduct, or sexual excitement, as those terms are defined in Article 27,s 416A of the state code.
 The new ordinance requires a Class Y license to operate an "adult film arcade." Anne Arundel County, Md., Code art. 16,s 1102. The repealed ordinance did not contain the concept of "adult film arcade;" rather, it required a Class Y license for each private film-viewing machine. Id. § 1109 (repealed).
 
 
 [6]
 Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress
 42 U.S.C. § 1983.
 
 
 [7]
 The bookstore sought a declaratory judgment that the new ordinance was unconstitutional as applied and unconstitutionally overbroad and vague, and sought injunctive relief restraining the county from enforcing the new licensing scheme. It also claimed that the county was estopped from applying the licensing ordinance to the bookstore because it had acquiesced in the bookstore's operation of the film-viewing machines for eight years
 
 
 [8]
 The bookstore filed a motion to dismiss the amended state court complaint, reciting many of the same infirmities that formed the basis of its § 1983 action in federal court
 
 
 [9]
 The Anne Arundel County Code makes operation of an adult film arcade without a Class Y license a criminal and civil violation. Article 16, § 1109(f), as amended, provides for a criminal prosecution:
 A person who violates any provision of this subtitle is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000 or imprisonment not exceeding six months or both.
 Section 2-1113(a) provides for a civil remedy:
 The County may seek injunctive relief to prohibit an adult film arcade from being placed or maintained in use or operation without a valid Class Y license.
 
 
 [10]
 Huffman found a civil nuisance proceeding to be "both in aid of and closely related to" criminal statutes prohibiting the dissemination of obscene materials, and concluded that a federal injunction would be an "offense to the State's interest in the nuisance litigation[which] is likely to be every bit as great as it would be were this a criminal proceeding." Huffman, 420 U.S. at 604