**Rebecca Courtney RENN, by and through her Guardians at Law, Michael and Rebecca RENN, and Michael and Rebecca Renn, individually, Plaintiffs,**

v.

**Edward GARRISON, Director of the Pitt County Department of Social Services, and Pitt County Department of Social Services, Peter Sword, Melanie Kee, and Phyllis Thomas, individually, and Pitt County Department of Social Services, Edward Garrison, Peter Sword, Melanie Kee, and Phyllis Thomas, in their official capacity, Defendants.**

No. 93–151–CIV–4–H.

United States District Court,
E.D. North Carolina,
New Bern Division.

Feb. 16, 1994.

Wallace W. Bradsher, Jr., Foster & Bradsher, Greenville, NC, for plaintiffs.

Kenneth R. Wooten, Ryal W. Tayloe, Cheryl A. Marteney, Ward & Smith, New Bern, NC, for defendants.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the defendants' motion to remand a state court "Juvenile Petition to Prevent Obstruction or Interference with Investigation" ("Obstruction Petition") which was removed from state court by the plaintiffs on December 17, 1993. The matter has been fully briefed by the parties and was the subject of a hearing held before the court on February 10, 1994, in New Bern, North Carolina. It is ripe for disposition.

The court notes that it received a supplementary memorandum of law in support of the plaintiffs' response to the defendants' motion for remand. Neither the Federal Rules of Civil Procedure nor the Local Rules of the Eastern District of North Carolina permit such a memorandum. In addition, the court specifically stated at the February 10 hearing that it would not consider any additional submissions from the parties. As a result, the court finds that the plaintiffs' supplemental memorandum was improper and inappropriate. It was summarily disregarded.

### STATEMENT OF THE FACTS

The amended complaint states that plaintiffs Michael and Rebecca Renn are the parents of plaintiff Rebecca Courtney Renn. According to the complaint, the relationship between the parents and their daughter has been characterized by a great deal of conflict since December 1992, including at least one physical assault by the daughter against her mother. The parents have attempted to deal with the conflict in part by getting family psychological counselling and by placing their daughter in various private schools and group homes.

Apparently as a result of this conflict with her parents, the daughter has temporarily left her parents' home on several occasions to stay with friends and neighbors. One of the neighbors was Sylvia Measamer, who filed a charge of child neglect against the parents with the Pitt County Department of Social Services ("DSS") on January 3, 1993.

As a result of the neglect charge, representatives of DSS contacted the plaintiffs and became involved with the plaintiffs' family in a variety of ways. The involvement included involuntarily placing the daughter in foster care after she ran away from her parents' home and alleged that her father had beaten her on September 13, 1993. With the consent of DSS, the parents eventually placed their daughter in Three Springs School, a group home in Pittsboro, North Carolina, on October 7, 1993.

On or about October 7, according to the complaint, the parents received a letter from DSS stating that DSS could not substantiate the January 3 charge of neglect. However, on or about October 9, the parents received another letter from DSS stating that DSS had decided to substantiate a separate finding of neglect against the parents for lack of proper discipline based on the events that occurred in the plaintiffs' home on September 13, 1993.

The complaint also states that approximately two weeks after the daughter was placed in Three Springs School in Pittsboro, DSS contacted one of the daughter's counselors and attempted to gain information about the daughter without the parents' consent. In addition, the complaint states that DSS attempted to gain information about the daughter from the family's psychologist and from the parents' attorney, each time without the parents' consent.

Plaintiffs believed that DSS acted improperly. As a result, the plaintiffs filed the

present action on November 18, 1993, alleging multiple state and federal claims against DSS, including claims that DSS violated the plaintiffs' rights under 42 U.S.C. § 1983. They alleged in part that DSS and its employees were "proceeding under color of State Law to violate the [p]laintiff parents' constitutional right to maintain control and the integrity of their family and to supervise their minor child." *Compl.* ¶ 80. Plaintiffs seek an award of injunctive relief, damages, and attorneys' fees.

Plaintiffs' request for injunctive relief asks the court 1) to order DSS to stop interfering with the plaintiffs' family; 2) to find that the process which DSS uses to "substantiate" a report of child abuse or neglect is unconstitutional because it lacks an appeal mechanism outside of DSS; and 3) to find that the substantiation process qualifies as state action.

Plaintiffs also ask the court to award compensatory damages in excess of $10,000 and punitive damages in excess of $10,000. Plaintiffs further seek an award of attorneys' fees.

After the plaintiffs filed this action, DSS filed the state court Obstruction Petition on November 24, 1993. The petition states that DSS "substantiated an act of inappropriate discipline by the father [Michael Renn] towards the daughter [Rebecca Courtney Renn] for pushing her and grabbing her, leaving scratch marks and bruises on the juvenile's back, neck and arms." Petition at 1. The petition also states that the plaintiffs have refused to cooperate with DSS' investigation of the alleged inappropriate discipline and that, as a result, DSS is unable to meet its legal obligation to fully explore the allegation. The petition seeks a state court order directing the plaintiffs to cease obstructing DSS' work.

In a Notice of Removal filed December 17, 1993, the plaintiffs removed the Obstruction Petition to this court to be decided with the present action. Defendants filed the pending motion to remand on December 20.

## DISCUSSION OF THE LAW

### I. *Younger* Abstention

"The *Younger* doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979). The United States Court of Appeals for the Fourth Circuit applies *Younger* with a three-part test: " '(1) is there an ongoing state judicial proceeding; (2) do the proceedings implicate important state interests; [and] (3) is there an adequate opportunity in the state proceedings to raise federal claims.' " *Richmond Rail Co. v. Forst,* 4 F.3d 244, 251 (4th Cir.1993).

Applying this test to the present case, the court finds that it must abstain under *Younger.*

### A. *Is there an ongoing state judicial proceeding?*

The court finds that the judicial proceedings in state court on the Obstruction Petition qualify as "ongoing" proceedings, despite the fact that the defendants filed the Obstruction Petition after the plaintiffs filed the federal complaint.

> [W]here state [ ] proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of Younger v. Harris should apply in full force.

*Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2292, 45 L.Ed.2d 223 (1975). The federal complaint was filed on November 18, and the Obstruction Petition was filed on November 24. Nothing besides the filing of the complaint took place in federal court before the petition was filed in state court. "The filing of a complaint, without more, does not qualify as a proceeding of substance on the merits." *2020C West Street v. Anne Arundel County,* 985 F.2d 554, 1993 WL 28560, **2 (4th Cir.1993) (unpublished) (copy attached as Appendix A). Accordingly, the court finds that the principles of *Younger* apply to this case "in full force."

B. *Do the proceedings implicate important state interests?*

The court finds that the Obstruction Petition proceedings do implicate important state interests. *See Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979) (applying *Younger* abstention on substantially similar facts after holding that state child abuse proceedings are "civil proceedings in which important state interests are involved").

C. *Is there an adequate opportunity in the state proceedings to raise federal claims?*

"[D]istrict courts, when abstaining from adjudicating a claim for injunctive relief, should stay rather than dismiss accompanying claims for monetary relief and attorney's fees when such relief is not available from the ongoing state proceeding." *Watts v. Burkhart*, 854 F.2d 839, 845 (6th Cir.1988); *see also Deakins v. Monaghan*, 484 U.S. 193, 202–03, 108 S.Ct. 523, 529–30, 98 L.Ed.2d 529 (1988) ("the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding") and *Suggs v. Brannon*, 804 F.2d 274, 279–80 (4th Cir.1986) (same result).

The court finds that there is an adequate opportunity in the state proceedings for the plaintiffs to raise their federal claims for injunctive relief but not their federal claims for damages and attorneys' fees. The court's finding is based on the North Carolina statute governing hearings on Obstruction Petitions.

> If at the hearing on the petition the court finds by clear, cogent and convincing evidence that the [parents], *without lawful excuse*, [have] obstructed or interfered with an investigation required by G.S. 7A–544 [the statute authorizing DSS action], the court may order the [parents] to cease such obstruction or interference.

N.C.G.S. § 7A–544.1(c) (emphasis added).

Under this statute, the plaintiffs could argue at the Obstruction Petition hearing that

their "lawful excuse" for refusing to cooperate with DSS was the unconstitutionality of the statutes authorizing DSS action. If the state court accepts the argument, it could issue an order which would satisfy the plaintiffs' federal claims for injunctive relief by ordering DSS to stop interfering with the plaintiffs' family, by finding that the process which DSS uses to "substantiate" a report of child abuse or neglect is unconstitutional because it lacks an appeal mechanism outside of DSS, and by finding that the substantiation process qualifies as state action.

However, the court finds no provision in N.C.G.S. § 7A–544.1 allowing the plaintiffs to seek damages or attorneys' fees from DSS in the Obstruction Petition proceedings. As a result, the court will dismiss the plaintiffs' federal claims for injunctive relief but stay the plaintiffs' federal claims for damages and attorneys' fees.[1] The stay will remain in effect pending disposition of the claims for injunctive relief by the state court which rules on the Obstruction Petition and by all available means of state appellate court review. *See Huffman v. Pursue Ltd.*, 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.").

II. Exceptions to the *Younger* Abstention Doctrine

The court finds that exceptions for bad faith, harassment, and exceptional circumstances allow a federal court to decline to apply *Younger* abstention even if all requirements for such abstention are met in a particular case. However, the court further finds that none of the exceptions apply to the present action. The court's finding is based in part on its understanding that "[t]hese exceptions to *Younger* have been narrowly construed." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986); *see also* 17A Wright

---

1. Because no damages claims can be filed in an Obstruction Petition proceeding, the court will also stay the plaintiffs' state claims for damages.

However, the court will dismiss the plaintiffs' state claims for injunctive relief so that these claims can be pursued in state court.

and Miller, *Federal Practice and Procedure*, § 4255 at 260 (1988) ("In the words of one commentator, '[a]s a practical matter ... the universe of bad-faith harassment claims that can be established is virtually empty.'") (citation omitted).

"Bad faith in this context 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir.1986); *see also Cinema Blue v. Gilchrist*, 887 F.2d 49, 54 (4th Cir. 1989), *cert. denied* 494 U.S. 1030, 110 S.Ct. 1479, 108 L.Ed.2d 616 (1990) (same). Without commenting on the ultimate merits of the DSS claims, the court finds that the facts of this matter arguably demonstrate that DSS had a reasonable expectation of success when it filed its Obstruction Petition.[2]

Harassment means that a state action was filed in an attempt to discourage and prevent a party from safeguarding its constitutional rights. *See Feerick v. Sudolnik*, 816 F.Supp. 879, 884 (S.D.N.Y.1993) ("The *Younger* Court noted that in *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), prosecutors had harassed the appellants and had attempted to discourage them and their supporters from vindicating the constitutional rights of African–American citizens in Louisiana."). The court finds that the defendants' Obstruction Petition is not designed to discourage and prevent the plaintiffs from safeguarding their constitutional rights. *See* Defs.' Mot. to Remand at 4 ("The remand of the juvenile action would in no way affect Plaintiffs' action in [federal court]."); *see also* Defs.' Mem. of Law in Supp. of Mot. to Remand at 7 ("Whatever federal constitutional questions Plaintiffs have raised in the instant case regarding juvenile law and procedure will be determined in this case.").

The exception for exceptional circumstances "appears to be even more narrow than the bad faith or harassment exception[s]." *Zalman*, 802 F.2d at 205. It allows a federal court to refuse to abstain under *Younger* when there are "'extraordinary circumstances' that might constitute great, immediate, and irreparable harm." *Moore v. Sims*, 442 U.S. at 433, 99 S.Ct. at 2382. Plaintiffs made an "extraordinary circumstances" argument at the February 10 hearing when they contended that the plaintiff daughter's welfare is threatened by continued DSS intervention. Based in part on this threat to her welfare, the plaintiffs argued that this case presented concerns of such immediacy and exigency that it fell within the narrow boundaries of the exceptional circumstances exception to *Younger* abstention.

The court finds that it must reject the plaintiffs' argument. As noted earlier, the plaintiff daughter currently resides at a group home in Pittsboro, North Carolina, where she is receiving counselling and therapy. The parties stated at the hearing that the daughter is permitted home visits and that after she returns to Pittsboro from such visits, DSS contacts her therapist by telephone. The DSS telephone call is for the limited purpose of verifying that the daughter's physical and mental welfare was not damaged by the home visit.

The court recognizes that this arrangement is probably less than ideal for the parties involved. However, as a matter of law, the court finds that the arrangement sufficiently addresses the immediacy and exigency of this matter. As a result, the court finds that the arrangement prevents the case from possibly falling into the realm of "exceptional circumstances" which justify refusing to abstain under *Younger*.[3]

---

2. The court notes that its finding is necessarily made before any of the parties have submitted evidence, and that it is a finding made solely for the purposes of abstention analysis. The finding is not intended to affect the plaintiff's ability to pursue any of the claims listed in their complaint, including their twenty-second cause of action for malicious prosecution. Such claims can be finally resolved only after all parties have had a full opportunity to present all relevant evidence.

3. The court also finds that the state statutes under attack by the plaintiffs do not fall within the "exceptional circumstances" category because the statutes are not "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply [them]." *Younger v. Harris*, 401 U.S. 37, 53–54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971).

In sum, the court finds that it must abstain because none of the exceptions to *Younger* apply in this case. The court regrets the inconvenience and additional expense which abstention will cause to the parties. However, the court finds itself absolutely bound by the tight web of *Younger* precedent.

The court notes that in the finest tradition of federalism and American jurisprudence, *Younger* abstention is built on confidence in the ability of state courts to resolve constitutional claims. *See Huffman*, 420 U.S. at 611, 95 S.Ct. at 1211 ("Appellee is in truth urging us to base a rule on the assumption that state judges will not be faithful to their constitutional responsibilities. This we refuse to do."). The court urges the state courts to thoughtfully and carefully weigh the plaintiffs' arguments in this sensitive and important area of the law.

### CONCLUSION

For the aforementioned reasons, it is hereby ORDERED that the plaintiffs' federal and state claims for injunctive relief are DISMISSED WITHOUT PREJUDICE so that the plaintiffs may pursue the claims in the state court proceedings on the defendants' Juvenile Petition to Prevent Obstruction or Interference with Investigation.

It is further ORDERED that the plaintiffs' federal and state claims for damages and attorneys' fees are hereby STAYED pending disposition of the plaintiffs' claims for injunctive relief in the state court proceedings.

Because the court has resolved this matter on other grounds, it will not address the defendants' motion to remand the Juvenile Petition to Prevent Obstruction or Interference with Investigation.

### APPENDIX A

985 F.2d 554 (Table)

Unpublished Disposition

(Cite as: 985 F.2d 554, 1993 WL 28560 (4th Cir.(Md.)))

NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)